Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Allison L. Libeu, State Bar No. 244487
alibeu@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:  (213) 788-4340
Facsimile:   (888) 775-0898

*Attorneys for Defendants
Shopify Inc. and Shopify (USA) Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MY CHOICE SOFTWARE, LLC, a California limited liability company, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHOPIFY, INC., a Canadian Corporation; SHOPIFY (USA) INC., a Delaware Corporation; TASKUS, INC. a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-02687<br><br>**DEFENDANT SHOPIFY INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Removed from: San Francisco Superior Court, Case No. CGC-22-601842)<br><br>Complaint Filed: September 16, 2022 |

NOTICE OF REMOVAL

6415780

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4, Defendant Shopify Inc. hereby removes the above-entitled action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

**I.    Procedural Background**

On September 16, 2022, plaintiff My Choice Software, LLC ("MCS") filed a Complaint in the Superior Court of the State of California, San Francisco County entitled *My Choice Software, LLC, v. Shopify Inc., Shopify (USA) Inc., TaskUs Inc., and Does 1 through 100*, Case No. CGC-22-601842 (the "Action"). (Ex. A at 7-45[1] (2022-09-16 Class Action Complaint ("Compl.")).) The Complaint alleges claims for: (1) negligence; (2) breach of contract; (3) breach of implied contract; (4) breach of confidence; (5) unfair and unlawful business practices; (6) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (7) deceit by concealment; and (8) violation of the California Consumer Records Act, Cal. Civ. Code §§ 1798.80, *et seq.* (*Id.* ¶¶ 62-177.)

MCS filed a nearly identical action filed on the same day as this case in federal court before Judge David O. Carter. *My Choice Software, LLC v. TaskUs, Inc.*, Case No. 8:22-cv-01710-DOC-DFM (C.D. Cal.) (the "Federal Case"). In the Federal Case, MCS asserted the same breach of contract and negligence claims against Shopify Inc. and Shopify (USA) Inc. ("Shopify USA") based on the same underlying facts as here. (*Compare* Compl. ¶¶ 62-92 (detailing negligence and breach of contract claims), *with*

---

[1] "Ex." refers to exhibits attached to the Declaration of Sourabh Mishra, filed herewith. Ex. A contains copies of the Superior Court docket and the documents filed in the Superior Court in this action.

Ex. B (First Amended Complaint in the Federal Case) ¶¶ 46-55, 99-103 (detailing negligence and breach of contract claims).)

Shopify Inc. and Shopify USA moved to dismiss MCS's claims in the Federal Case due to, among other reasons, an enforceable, written forum selection clause in the parties' contract requiring all disputes to be brought in Ontario, Canada. On May 18, 2023, Judge Carter issued a written order dismissing Shopify Inc. and Shopify USA from the case with prejudice. (Ex. E at 1-2.) He held that "[t]he parties do not genuinely dispute the existence of the forum selection clause in the [contract]" and there were "no extraordinary circumstances that warrant overcoming this forum selection." (*Id.* at 1.)

Shopify Inc. and Shopify USA requested that MCS dismiss its claims against them in this Action due to the same enforceable forum selection clause and because Judge Carter's dismissal order has preclusive effect. (Ex. F (2023-05-19 M. Kaba Ltr. to MCS counsel).) MCS has not agreed to do so.

## II. The Court Has Diversity Jurisdiction Over This Action

Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" "citizens of different states."

MCS's allegations in its Complaint, if accepted as true,[2] show that both elements of diversity jurisdiction are met here.

*First*, the matter in controversy exceeds $75,000. MCS claims that the alleged data breach "included the digital software codes or 'product keys' purchased and inventoried by My Choice Software, amounting to approximately $132,870,543.50." (Compl. ¶ 29.) It claims that, due to the data breach, those product keys are now

---

[2] Shopify Inc. denies liability but accepts MCS's allegations for the purposes of establishing removal. *See Lewis v. Verizon Comms., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. . . . To establish the jurisdictional amount, [defendant] need not concede liability for the entire amount . . . .").

1  available "on the dark web." (*Id.* ¶ 35.) And it seeks to recover "actual, compensatory,
2  and consequential damages," which, based on MCS's allegations, could be up to
3  $132,870,543.50. (*Id.* at 38.)
4       MCS has also confirmed that it is seeking damages of over $100 million in the
5  nearly identical Federal Case. There, MCS asserts the same breach of contract and
6  negligence claims against Shopify Inc. and seeks the same relief due to the alleged
7  violations. (*Compare* Compl. ¶¶ 62-92 (detailing negligence and breach of contract
8  claims and seeking "actual damages"), *with* Ex. B (First Amended Complaint in the
9  Federal Case) ¶¶ 46-55, 99-103 (detailing negligence and breach of contract claims
10 and seeking "monetary damages").) MCS confirmed in response to a question from
11 Judge Carter in the Federal Case that it is seeking damages of over $100 million. (Ex.
12 C (May 1, 2023, Hearing Transcript in the Federal Case) at 9:6-8 ("[THE COURT:]
13 And you believe that you're asking for damages of over $100 million? [MCS Counsel
14 in the Federal Case]: That's our estimate now.").)
15      *Second*, there is complete diversity between the parties in this Action. Plaintiff
16 MCS is a California citizen. (Compl. ¶ 9 ("[MCS] is, and was at all relevant times, a
17 California Limited Liability Company with its principal place of business in Orange
18 County, California.").)
19      None of the Defendants is a California citizen. Defendant Shopify Inc. is a
20 Canadian-incorporated company with its principal place of business in Ottawa,
21 Canada. (*Id.* ¶ 10 ("Shopify Inc. is a Canadian company headquartered in Ottawa,
22 Canada . . . ."); Declaration of Erin McIntomny ¶ 2 (similar).) Defendant Shopify
23 Shopify USA is a Delaware-incorporated company with its principal place of business
24 in New York, New York. (Declaration of Sarah Harris-John ¶¶ 2-3.) And Defendant
25 TaskUs Inc. ("TaskUs") "is a Delaware [c]orporation headquartered in New Braunfels,
26 Texas . . . ." (Compl. ¶ 13.)
27      This Court thus has original, diversity jurisdiction over this Action.
28

### III. The Court Has CAFA Jurisdiction Over This Action

This Court also has subject matter jurisdiction over this Action pursuant to CAFA because: (1) this action is a putative class action; (2) there is sufficient diversity of citizenship; and (3) MCS seeks over $5 million in damages.

*First*, this Action is a putative class action. A "class action" under CAFA is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a). MCS has filed the Action as a purported class action and identifies a proposed class it seeks to represent "of more than 5,000 persons." (Compl. ¶¶ 50, 54.)

*Second*, there is sufficient diversity of citizenship. Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a [s]tate different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). MCS's proposed class includes "[a]ll persons, including natural persons and entities, *in California* who submitted payment information via Shopify's software between September 16, 2019 to the present." (Compl. ¶ 50 (emphasis added).) MCS's proposed class thus includes California citizens.

As discussed above, the Defendants are citizens of Canada, Delaware, New York, and Texas. (Compl. ¶¶ 10, 13; Declaration of Erin McIntomny ¶ 2; Declaration of Sarah Harris-John ¶¶ 2-3).) Since at least one putative class member is a citizen of California and at least one Defendant is a citizen of a state other than California, there is sufficient diversity of citizenship under CAFA.

*Third*, the amount in controversy requirement is satisfied. CAFA confers jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000 . . . ." 28 U.S.C. § 1332(d)(2). Furthermore, "[i]n any class action, the claims of individual class members shall be aggregated to determine whether the

1  matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C.
2  § 1332(d)(6).

3  As detailed above, MCS seeks, for just itself, damages of over $100 million in
4  this Action. (Compl. ¶ 29 (alleging that the data theft affected inventory worth
5  approximately $132,870,543.50); Ex. C at 9:6-8 (MCS in Federal Case admitting it is
6  seeking over $100 million in damages for same claims).)

7  Additionally, MCS's allegations indicate that alleged damages for the class may
8  exceed $5 million. MCS claims that "more than 5,000" class members are eligible for
9  relief for activities up to three years predating the Complaint encompassing "[a]ll
10 persons . . . in California who submitted payment information via Shopify's software"
11 and that there are "423,719 total compromised merchant records from over 100
12 merchants." (Compl. ¶¶ 29, 54.) It also alleges that "an individual's online identity is
13 worth as much as approximately $1,170 on the dark web." (*Id.* ¶ 45.) MCS thus seeks
14 over $5 million in damages for its proposed class.

15 This Court thus has CAFA jurisdiction over this Action.

16 **IV.   Removal Is Timely**

17 On May 12, 2023, Shopify Inc. executed and returned a Notice and
18 Acknowledgement of Receipt of Service to MCS. (Mishra Decl. ¶ 6, Ex. D.) Under
19 California Code of Civil Procedure 415.30(c), service "is deemed complete on the date
20 a written acknowledgement of receipt is executed."

21 This removal is timely because it is filed within 30 days after service. 28 U.S.C.
22 § 1446(b)(2)(B); *Varga v. United Airlines*, 2009 WL 2246208, at *3 (N.D. Cal.
23 July 24, 2009) ("Under California law, service was complete on April 22, the date
24 defense counsel signed and returned the notice and acknowledgment of receipt . . .
25 Defendant removed this case on May 22, 30 days after service was complete. Removal
26 of this action was therefore timely.").

27
28

## V.   All Served Defendants Consent to Removal

Only Defendants Shopify Inc. and Shopify USA have been served in this Action. Both Defendants consent to removal.[3]

Since Defendant TaskUs has not been served, its consent is not necessary for removal. *Aqua Connect, Inc. v. Code Rebel LLC*, 2011 WL 5075421, at *4 (C.D. Cal. Oct. 25, 2011) ("The court finds removal was proper because Defendants . . . did not need consent of unserved Defendant Bickov to remove.") (citing *Community Bldg. Co. v. Md. Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) ("defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings")). The consent of the remaining unnamed Doe Defendants is similarly not required. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that "unnamed" parties can be "disregarded" in evaluating consent to removal).

## VI.   Conclusion

For the foregoing reasons, Defendant Shopify Inc. respectfully removes this Action to federal court. A copy of this Notice of Removal is also being filed with the San Francisco Superior Court and concurrently served on all counsel of record. By removing this action to this Court, Shopify Inc. does not waive, and expressly preserves, any and all available arguments and defenses.

Dated: May 31, 2023                    **HUESTON HENNIGAN LLP**

By: _____
Moez M. Kaba

Attorney for Defendants
Shopify Inc. and
Shopify (USA) Inc.

---

[3] Consent is not required for removal under CAFA. *See* 28 U.S.C. § 1453(b).